UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-24913-CIV-MCALILEY
[CONSENT CASE]

DMITRY KLIMENKO and
EKATERINA KLIMENKO,

    Plaintiffs,

v.

KURT G. GICHA, Director, U.S. Citizenship
and Immigration Services Miami Field Office,
*et al.*,

    Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS

This is an action pursuant to the Administrative Procedures Act seeking review of Defendant United States Citizenship and Immigration Services' ("USCIS") denial of Plaintiffs' applications for adjustment of immigration status. (ECF No. 1). Defendants have filed a Motion to Dismiss, asserting that: (i) the Complaint fails to state a claim for relief, (ii) the Court lacks subject matter jurisdiction and, in the alternative, (iii) venue is improper in this District. (ECF No. 5). Plaintiffs Dmitry Klimenko and Ekaterina Klimenko filed a response, and Defendants a reply. (ECF Nos. 9, 11). As explained below, the Court concludes that it does not have subject matter jurisdiction over this action.[1]

---

[1] Given the absence of subject matter jurisdiction, the Court does not address the remaining grounds of Defendants' Motion.

## I. BACKGROUND

The relevant facts are not in dispute. Plaintiffs were admitted to the United States on July 27, 2017 as temporary visitors pursuant to a B-2 visa with an authorized stay through January 26, 2018. On December 12, 2017, Plaintiff Dmitry Klimenko ("Dmitry") filed a Form I-589 Application for Asylum, listing his wife, Plaintiff Ekaterina ("Ekaterina"), as a derivative applicant.[2] Plaintiffs did not file an application to extend their B-2 visas. On May 7, 2019, the United States Department of State notified Ekaterina that she was randomly selected for further processing in the Diversity Visa Program Lottery for fiscal year 2020. On May 13, 2019, Ekaterina filed a Form I-485 with USCIS for adjustment of status to lawful permanent resident as part of the Diversity Visa Program Lottery, and listed Dmitry as a derivative applicant. In September 2020, USCIS denied Plaintiffs' Form I-485 applications to adjust status, having determined that Plaintiffs were in unlawful immigration status on the date they filed their Form I-485 applications and failed to maintain continuously a lawful status since entry into the United States. Plaintiffs filed this action under the Administrative Procedures Act seeking review of the USCIS' denial of their applications for adjustment of status.

## II. ANALYSIS

"Federal courts have an independent obligation to ensure that subject-matter jurisdiction exists before reaching the merits of a dispute." *Jacobson v. Florida Secretary of State*, 974 F.3d 1236, 1245 (11th Cir. 2020). The plaintiff bears the burden of

---

[2] Plaintiffs' asylum applications remain pending.

establishing subject matter jurisdiction, and it is presumed that a federal court lacks jurisdiction in a case until the plaintiff demonstrates the contrary. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A defendant may attack subject matter jurisdiction by launching either a facial or factual attack. "A facial attack challenges whether a plaintiff has sufficiently alleged a basis of subject-matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion. A factual attack, in contrast, challenges the existence of subject-matter jurisdiction irrespective of the pleadings, and extrinsic evidence may be considered." *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1230 (11th Cir. 2021) (quotation marks and citation omitted). Defendants here raise a facial attack.

The Complaint alleges jurisdiction under the Administrative Procedures Act ("APA") (*see* ECF No. 1 at ¶ 5, citing 5 U.S.C. § 701, *et seq*); the Declaratory Judgment Act (*see id*. at ¶ 8, citing 28 U.S.C. § 2201); and the Mandamus Act (*see id*. at ¶ 9, citing 28 U.S.C. § 1361). The APA allows a person "suffering legal wrong because of [final] agency action, or adversely affected or aggrieved by [final] agency action" to obtain judicial review in federal court where "there is no other adequate remedy in a court…." 5 U.S.C. §§ 702, 704. However, the APA "expressly excepts review under its provisions where 'statutes preclude judicial review; or agency action is committed to agency discretion by law'." *Perez v. U.S. Bureau of Citizenship and Immigration Services*, 774 F.3d 960, 965 (11th Cir. 2014) (citing 5 U.S.C. § 701(a)).

Plaintiffs challenge Defendants' denial of their applications to adjust status under 8 U.S.C. § 1255. (ECF No. 1 at ¶¶ 22-27). District court review of such decisions is barred

by statute, namely 8 U.S.C. § 1252(a)(2)(B)(i).[3] Subsection (a)(2) of section 1252 provides in pertinent part that "[n]otwithstanding any other provision of law (statutory or nonstatutory), including…sections 1361 and 1651 [of Title 28] …no court shall have jurisdiction to review…any judgment regarding the granting of relief under section…1255 of this title…." 8 U.S.C. § 1252(a)(2)(B)(i). The Eleventh Circuit recently concluded that this provision is read broadly, to preclude judicial review of "whatever kind of judgment relating to the granting of relief under [section 1255]." *Patel v. United States Attorney General*, 971 F.3d 1258, 1274 (11th Cir. 2020) (quotation marks omitted). In other words, binding precedent establishes that section 1252(a)(2)(B)(i) "strips courts of jurisdiction to review adjustment-of-status decisions under section 1255, including *all* determinations incorporated in those decisions." *Commandant v. Rinehart*, No. 20-23630, 2021 WL 422177, at *2 (S.D. Fla. Feb. 1, 2021) (citing *Patel*, 971 F.3d at 1272-73, 77); *Bonilla v. Stulz*, No. 20-21428, 2020 WL 8459199, at *3 (S.D. Fla. Dec. 7, 2020) (same); *Obut v. USCIS Orlando Field Office*, No. 6:19-2413, 2021 WL 1830696, at *3 (M.D. Fla. April 2, 2021) (report and recommendation adopted by *Obut*, 2021 WL 3017220, at *2 (May 4, 2021)) (same).

Accordingly, pursuant to *Patel* and section 1252(a)(2)(B)(i), the Court lacks subject matter jurisdiction to review Defendants' denial of Plaintiffs' I-485 applications to adjust

---

[3] Limited review in the Court of Appeals is available, namely if the challenge raises "a viable constitutional or legal claim." *Patel v. United States Attorney General*, 971 F.3d 1258, 1275 (11th Cir. 2020); *see also* 8 U.S.C. § 1252(a)(2)D) ("Nothing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.").

status. *See Patel*, 971 F.3d at 1272-73; *see also Commandant*, 2021 WL 422177 at *3; *Bonilla*, 2020 WL 8459199 at *3; *Obut*, 2021 WL 1830696 at *3. Plaintiffs do not dispute that this Court lacks subject matter jurisdiction, and instead "argue that the appellate court can consider their claim under the [APA]." (ECF No. 9 at 8). Plaintiffs' argument is misplaced, as the issue here is whether the *district court* has jurisdiction to consider their APA claim.

### III.   Conclusion

For the foregoing reasons, the Court hereby **ORDERS** that Defendants' Motion to Dismiss is **GRANTED** and this action is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. *See Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1235 (11th Cir. 2021) ("A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice.") (citations omitted).

**DONE AND ORDERED** in Chambers, in Miami, Florida, on August 18, 2021.

_____
CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc: Counsel of record

5